Copy

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ___
DATE FILED: 12/1/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Spa Week Media Group, Ltd.,<br>Plaintiff,<br>-v.-<br>Life Booker, LLC, and Andrew Unger, an Individual,<br>Defendants. | Case No. 09-cv-2140 (DLC)<br>**STIPULATED PROTECTIVE ORDER** |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c) for the purpose of facilitating the exchange of Confidential and Highly Confidential Information, filing such Confidential and Highly Confidential Information under seal with the Court, and protecting against the unauthorized disclosure, dissemination, or use of such Confidential and Highly Confidential Information, and the Court finding good cause therefore, **IT IS HEREBY ORDERED** that the following Protective Order shall be in place in the above-captioned matter.

## 1. Definitions

1.1 "Confidential Information" means any document, writing, or tangible thing of any type that any of the parties, through counsel, designate in good faith as containing information of the parties that is: (a) not generally known by or available to the General Public; or (b) proprietary business, commercial, or financial information, such as trade secrets, future business plans, customer lists, personnel information; or (c) protected by the right to privacy under any state or federal constitutional provisions, or any similar statute, rule, or regulation; or (d) potentially damaging to the business or personal interests of said party if disclosed. Confidential Information is not strictly limited to the document, writing, or tangible thing at issue, and does expressly include the information contained within any document, writing, or tangible thing.

1.2 "Highly Confidential Information" means any document, writing, or tangible thing of any type that any of the parties, through counsel, designate in good faith as containing information of the parties that is: (a) maintained in confidence; (b) extremely sensitive proprietary business, commercial, or financial information; (c) believed in good faith by the parties to require the special handling set forth in this order.

1.3 "Producing Person" and "Designating Person" shall mean the Person who produces information to a party and who deems that information confidential.

1.4 "Inspecting Party," "Receiving Party," and "Non-Designating Party" shall mean the party (and its counsel) who receives the confidential information supplied by the producing person.

1.5 The words "General Public" do not include: (a) Andrew Unger; (b) any person who is a member of Life Booker LLC, or (c) an officer, director or employee of Spa Week Media Group, Ltd.

1.6 The words "Inside Counsel" shall mean lawyers employed by a party as lawyers (even if those individuals may hold other, non-legal titles) and any other persons employed by the party solely to work for such lawyers (e.g., secretaries and/or paralegals).

1.7 The words "Outside Counsel" shall mean the law firms engaged by the parties to represent them in this litigation.

1.8 The words "Person" or "Persons" mean all entities of every type and description including, without limiting the generality of the foregoing, all natural persons, associations, companies, partnerships, joint ventures, corporations, trusts, estates, and federal, state, and municipal or local governmental agencies and entities and their subdivisions, bureaus, departments, and boards.

1.9 The term "Disseminate," includes: (1) filing a document or information under any Court's electronic filing system, including the District Court for the Southern District of New York's ECF filing system; (2) distributing any document or information via facsimile, e-mail, or U.S. Mail; and/or (3) distributing or publishing any document or information on any website accessible to the General Public on the world wide web.

**2. Duties of The Parties**

**2.1 Duty to Examine Documents and Maintain the Confidentiality of Confidential Information and Highly Confidential Information**

Information designated as Confidential Information and Highly Confidential Information under this Protective Order shall be treated by the parties and their counsel as confidential, such that (1) such information may be reviewed only by Persons so authorized by this Protective Order and who have agreed to be bound by the terms of this Protective Order and (2) may be copied by such Persons only for purposes of this litigation and may not be used for any collateral proceeding or matter.

Each of the parties has a duty to ensure that any documents to be publicly filed and Disseminated do not fall under the "Confidential Information" and "Highly Confidential Information" categories described above under the terms of the Protective Order.

**2.2    Duty To File Confidential Information and Highly Confidential Information Under Seal**

If any Confidential Information or Highly Confidential Information is sought to be included in any papers to be filed with the Court, the party filing it has the duty to file it under seal. This Protective Order authorizes the Clerk of Court to accept such filings and file them under seal until further Order of this Court.

**2.3    Duty To Properly Designate Confidential Information and Highly Confidential Information**

Documents or other information produced in the course of discovery that the Producing Person deems to contain confidential information must be designated as "Confidential" or "Highly Confidential – Counsel's Eyes Only" at the time of its production to the Inspecting Party, and parties shall have the obligation to exercise ordinary diligence in reviewing documents and deposition transcripts.

Pages of deposition transcripts may be designated as "Confidential" or "Highly Confidential – Counsel's Eyes Only" under this Order by so notifying the court reporter on the record at the deposition or by sending a notice to that effect within thirty (30) days from the date the deposition transcript becomes available to the designating Person. During and prior to this thirty (30) day period, the transcript shall not be disclosed by any non-Designating Party to Persons other than those qualified to view material designated as "Highly Confidential – Counsel's Eyes Only". At any deposition session when counsel for a Person deems that the answer to a question may result in the disclosure of Confidential or Highly Confidential

Information within the meaning of this Order, counsel may direct that the question and answer be transcribed separately from the remainder of the deposition, and if filed with the Court, such transcription shall be filed under seal. When such a direction has been given, counsel for the Person whose Confidential or Highly Confidential Information is involved may also request that all Persons other than the reporter and other Qualified Persons leave the deposition room during the taking of testimony involving Confidential or Highly Confidential matters.

A party who files any Confidential Information or Highly Confidential Information with the Court must designate such document as "Confidential" or "Highly Confidential – Counsel's Eyes Only" by marking the document with the words "Confidential" or "Highly Confidential – Counsel's Eyes Only" prior to filing with the Court. Any party that marks a document "Confidential" or "Highly Confidential – Counsel's Eyes Only" is certifying to the Court that there is a reasonable and good faith basis both in law and in fact for making such a designation.

**2.4 Duty to Comply with the Order in Redesignating Documents as Confidential or Highly Confidential**

A Producing Party that has: (a) failed to designate deposition transcripts or portions thereof within the time provided by paragraph 2.3 above as "Confidential" or "Highly Confidential – Counsel's Eyes Only"; or (b) has produced documents without a confidentiality designation or with the designation of "Confidential"; shall not, by reason of such failure or production alone, be deemed to have waived a claim of confidentiality or heightened confidentiality in such transcripts or documents.

A Producing Party that wishes to designate as confidential or upgrade the confidential status of a deposition transcript or produced document shall promptly serve a written notice (a "Designation Notice" or "Redesignation Notice," respectively) upon all Receiving Parties, identifying by transcript page and line or Bates number each such transcript or document and the

desired confidential status thereof. The Receiving Party shall, within seven (7) business days of receipt of a Designation or Redesignation Notice, advise the producing party whether it will consent to the designation or redesignation of the transcript or document. If the Receiving Party refuses to consent, the Producing Party shall raise the dispute with the Court via informal conference, as set forth in Local Civil Rule 37.2 (the "Informal Conference"), not later than ten (10) business days after receipt of the Receiving Party's refusal.[1] If the Producing Party's request has been denied or the discovery dispute has not been resolved as a consequence of the Informal Conference, the Producing party may move, not later than ten (10) business days after the Informal Conference, for a court order redesignating the transcript or document.

Upon receipt of a Designation or Redesignation Notice, the receiving party, for purposes of disclosure or Dissemination, shall treat the testimony or document as though it had been designated or redesignated as requested unless (a) the Court denies the Producing Party's redesignation motion; or (b) the Producing Party fails move for redesignation within the ten (10) business day period following the Informal Conference. In no circumstance shall the outcome of the Informal Conference affect the Receiving Party's treatment of the testimony or document.

The Receiving Party shall exercise reasonable efforts to ensure that any confidential or highly confidential information subject to a Designation or Redesignation Notice is thereafter used only for the purposes, and disclosed further only to the Persons, permitted under this Order (for example, by notifying prior recipients of the information who would no longer be entitled to receive such information of the designation or redesignation and instructing them to treat the information accordingly and to destroy any copies of designated or redesignated documents).

[1] In compliance with Judge Cote's Individual Practices in Civil Cases, if a discovery dispute is raised with the Court by letter, the letter shall not exceed two pages.

**2.5 Duty to Disclose Confidential Information Only to Qualified Persons**

Information designated as Confidential Information shall be disclosed only to the following Qualified Persons:

a. The parties and their counsel of record and support staff (including secretaries, paralegals, and clerks) engaged in the conduct of this litigation and any officers, directors, or employees of either party, including affiliates, related companies and business partners, deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

b. independent outside Persons (i.e., Persons not employees of or business consultants to a party) requested by counsel to furnish technical or expert services or to give testimony in this action who execute the acknowledgement in the form annexed hereto as Exhibit A;

c. the Court, including necessary administrative, stenographic, secretarial and law clerk personnel assisting the Court;

d. a witness at any deposition or other proceeding in this action; and

e. any other Person as to whom the parties in writing agree.

**2.6 Duty to Disclose Highly Confidential Information Only to Qualified Persons**

Information designated as Highly Confidential Information shall be disclosed only to the following Qualified Persons:

a. Outside Counsel for the parties to this litigation and office personnel of such outside counsel employed or engaged in the preparation for, or in aiding the trial of this action;

b. Inside Counsel for each receiving party, who must beforehand execute the acknowledgement in the form annexed hereto as Exhibit A;

c. independent outside Persons (i.e., Persons not employees of or business

consultants to a party) requested by counsel to furnish technical or expert services or to give testimony in this action who execute the acknowledgement in the form annexed hereto as Exhibit A;

d. the Court, including necessary administrative, stenographic, secretarial and law clerk personnel assisting the Court; and

e. any other Persons as the parties may agree to in writing or on the record at a deposition, or as the Court may, upon hearing, so direct.

**2.7 Duty to Ensure the Signing of Non-Disclosure Agreements**

Prior to receiving any Confidential Information or Highly Confidential Information, each Qualified Person shall be provided with a copy of the Protective Order and shall execute an agreement to be bound by the Protective Order in the form of Exhibit A. After the conclusion of this litigation each party obtaining such agreements shall, upon request, provide copies of such agreements to the other parties.

**3. Rights Of The Parties**

Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party by means independent of discovery from the adverse party in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Information or Highly Confidential Information in any manner it deems appropriate.

This Protective Order shall be without prejudice to the rights of the parties to:

(1) bring before the Court at any time, subject to the discovery requirements set forth by Local Civil Rule 37.2 and the Court's Pretrial Scheduling Order, the question of whether any particular document or category of documents is Confidential Information or Highly

Confidential Information or whether its use should be restricted and should not be disclosed to anyone except the parties and their counsel of record and supporting staff;

(2) present a motion to the Court for a separate protective order or provision in the Protective Order as to any particular document, thing, material, testimony, or information, including restrictions differing from those as specified herein;

(3) assert privilege (including but not limited to trade secret privilege) and decline to produce any documents or information on that basis;

(4) make a future application for modification of the Protective Order, including modifications specific to any particular documents, information, or things, and challenges to any designation of particular documents or information as being Confidential Information, subject to the discovery requirements set forth by Local Civil Rule 37.2 and the Court's Pretrial Scheduling Order.

The Protective Order shall survive the final termination of this action, to the extent that the information contained in Confidential Information or Highly Confidential Information is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of Confidential Information or Highly Confidential Information disclosed hereunder.

After final termination of this case upon reasonable demand, counsel for the parties shall assemble and either (a) return to the producing party all documents designated as Confidential Information and Highly Confidential Information and all Confidential Information and Highly Confidential Information derived from such documents or (b) shall destroy such documents and Confidential Information and Highly Confidential Information and certify to the producing party under oath that such documents and Confidential Information and Highly Confidential

Information have been destroyed.

**This stipulation binds the parties to treat as confidential the documents so classified. The Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review. Moreover, the Court does <u>NOT</u> so order ¶ 2.2, which purports to authorize the parties to file documents under seal without a prior court order.**

STIPULATED AND AGREED TO
December 1, 2009:

By: ______________________
Leon Medzhibovsky (LM 9554)
Joseph C. Gioconda (JG 4716)
Airina L. Rodrigues (AR 6551)
**DLA PIPER US (LLP)**
1251 Avenue of the Americas,
New York, NY 10020
Tel: (212) 335-4630
Fax: (212) 778-8630

*Counsel for Plaintiffs*

By: ______________________
Marylee Jenkins (MJ 6698)
David Wynn (DW 8660)
Mark Angelov (MA 5291)
**ARENT FOX LLP**
1675 Broadway
New York, New York 10019
Tel: (212) 484-3900
Fax: (212) 484-3990

*Counsel for Defendants*

**IT IS SO ORDERED.**

Dated this 1st day of December, 2009,
New York, New York

______________________
HONORABLE DENISE L. COTE
United States District Judge

This stipulation binds the parties to treat as confidential the documents so classified. The Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review. Moreover, the Court does NOT so order ______, which purports to authorize the parties to file documents under seal without a prior court order.

**Exhibit A**
**AGREEMENT TO ADHERE TO PROTECTIVE ORDER**
**REGARDING CONFIDENTIALITY OF INFORMATION**

I acknowledge that I have received a copy of the Protective Order entered by the Court in Spa Week Media Group, Ltd. v. Life Booker LLC and Andrew Unger, 09-cv-2140 (DLC), United States District Court for the Southern District of New York and dated ____________, 20__________ (the "Order"), that I have read the Order, that I understand it, and that I agree to adhere to its terms.

I further acknowledge that, under the terms of the Order, I am forbidden to use or disclose to any Person or entity Confidential or Highly Confidential documents, materials, or information that the parties have produced in the above captioned lawsuit, except as expressly permitted under the terms of the Order.

I understand that if I violate any term of the Order, I may be subject to sanctions by the Court.

DATED this _____ day of ____________, 20__.

Name: ________________________

Signature: ________________________

EAST\42625782.1